**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION; and BETSY DEVOS, in her official capacity as Secretary of the United States Department of Education,<br><br>*Defendants*. | Civil Action No. 1:20-cv-11600 |

## PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Pursuant to Fed. R. Civ. P. 65(a), the Commonwealth of Massachusetts moves for a preliminary injunction barring the defendants from enforcing the interim final rule titled *Eligibility of Students at Institutions of Higher Education for Funds Under the Coronavirus Aid, Relief, and Economic Security (CARES) Act*, 85 Fed. Reg. 36494 (June 17, 2020) ("IFR"), in Massachusetts. The IFR unlawfully prohibits colleges and universities from distributing emergency assistance from the Higher Education Emergency Relief Fund ("HEERF") to Massachusetts students who are ineligible for non-emergency federal financial aid under Title IV of the Higher Education Act ("Title IV"). In support of this motion, the Commonwealth states as follows.

First, the Commonwealth is likely to succeed on the merits of its claim that the defendants have violated the Administrative Procedure Act, 5 U.S.C. § 706(2). As this Court held in the related case *Noerand v. DeVos et al.*, No. 20-cv-11271-LTS, 2020 WL 4274559 (D.

Mass. July 24, 2020), the eligibility restrictions the IFR imposes on the HEERF program conflict with the unambiguous terms of the CARES Act and exceed the defendants' authority under the statute. The IFR is thus "in excess of the [defendants'] statutory authority" and "not in accordance with the law". *See* 5 U.S.C. § 706(2)(A), (C). The IFR is also arbitrary and capricious, *see id.* at § 706(2)(A), because, among other factors, it is based on an unreasonable interpretation of the Act. Further, the IFR is "contrary to constitutional right, power, privilege, or immunity", *see id.* at § 706(2)(B), because it violates the Spending Clause of the United States Constitution and separation of powers principles. The defendants lack constitutional authority to impose conditions on the use of HEERF funds that were not authorized by Congress.

Second, absent the requested injunction, the Commonwealth will suffer irreparable harm. This harm includes the administrative costs and burdens of implementing the IFR; the diversion of institutional funds to help students rendered ineligible to receive HEERF funds by the IFR; the loss of tuition and other revenue caused by the disenrollment of ineligible students who cannot continue their studies without support; the injury to the reputations and educational missions of colleges and universities; and harm to Massachusetts's comprehensive response to the public health crisis caused by COVID-19.

Third, an injunction is supported by the balance of the equities, and is in the public interest, because it will fulfill the clear directive of Congress to allow funds to flow to students in desperate need of assistance to continue their education.

As further grounds and support for this motion, the Commonwealth relies upon the accompanying Memorandum of Law.

In the interest of judicial economy, and because of the similarity of the issues presented and relief sought in *Noerand v. DeVos*, the Commonwealth requests that this motion be

considered together with the Ms. Noerand's pending request for statewide preliminary injunctive relief.

Wherefore, the Commonwealth asks the Court to enter an order enjoining the defendants from enforcing the IFR in Massachusetts, including by taking steps to prevent colleges and universities from distributing HEERF funds to *any* students with "expenses related to the disruption of campus operations due to coronavirus", as contemplated by Section 18004 of the CARES Act.

Date:   August 26, 2020

                            Respectfully submitted,

                            **MAURA HEALEY**
                            Attorney General
                            Commonwealth of Massachusetts

                            */s/ Abigail B. Taylor*
                            Abigail B. Taylor
                            Jonathan Burke
                            Abrisham Eshghi
                            David Ureña
                            Assistant Attorneys General
                            Office of the Attorney General
                            One Ashburton Place
                            Boston, MA 02108
                            Tel. (617) 727-2200
                            abigail.taylor@mass.gov
                            jonathan.burke@mass.gov
                            abrisham.eshghi@mass.gov
                            david.urena@mass.gov

## **RULE 7.1 CERTIFICATE**

      I, Abigail B. Taylor, hereby certify that counsel for the Plaintiff provided notice of the foregoing motion to Assistant United States Attorney Annapurna Balakrishna, counsel for the Defendants, by email and phone on August 24, 2020 and conferred in good faith in an effort to resolve or narrow the issues.

                                                     */s/   Abigail B. Taylor*

## CERTIFICATE OF SERVICE

I, Abigail B. Taylor, counsel for Plaintiff, hereby certify that this document has been filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). On August 26, 2020, this document was delivered by email to Assistant United States Attorney Annapurna Balakrishna, who has indicated she would accept service by email.

This document will also be sent by certified mail to the defendants at the addresses below.

U.S. Department of Education
400 Maryland Avenue, SW
Washington, D.C. 20202

The Hon. Betsy DeVos
U.S. Department of Education
400 Maryland Avenue, SW
Washington, D.C. 20202

                                                */s/  Abigail B. Taylor*