UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| COMMONWEALTH OF MASSACHUSETTS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | Civil No. 1:20-11600-LTS |
| UNITED STATES DEPARTMENT OF EDUCATION; and BETSY DEVOS, in her official capacity as Secretary of the United States Department of Education, | | |
| Defendants. | | |

ORDER ON PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION (DOC. NO. 3)

September 3, 2020

SOROKIN, J.

Before the Court is the Commonwealth of Massachusetts's Motion for a Preliminary Injunction. Doc. No. 3.[1] The Commonwealth seeks to bar the United States Department of Education and Secretary DeVos ("the Defendants") from enforcing in Massachusetts the interim final rule titled Eligibility of Students at Institutions of Higher Education for Funds Under the Coronavirus Aid, Relief, and Economic Security (CARES) Act, 85 Fed. Reg. 36494 (June 17, 2020) ("IFR"). For the reasons below, the Commonwealth's motion is ALLOWED.

In a related action, Farah Noerand sued the Defendants seeking to enjoin the IFR at issue in this case. See Noerand v. Devos, No. 1:20-cv-11600-LTS, 2020 WL 4274559 (D. Mass. July 24, 2020). Noerand alleged that the Defendants illegally applied the Coronavirus Aid, Relief,

---

[1] Citations to "Doc. No. __" reference documents appearing on the court's electronic docketing system; pincites are to the page numbers in the ECF header.

and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), to exclude certain non-citizens such as Noerand from receiving any benefits under the Act. Noerand sought a preliminary injunction, which the Defendants opposed.  Id.  Finding that Noerand had established a likelihood of success on the merits as well as the other preconditions for preliminary injunctive relief, the Court allowed her motion to the extent of enjoining the Defendants and their agents or employees (including Bunker Hill Community College, the school which Noerand attends) from excluding Noerand from receiving benefits under the Act. Id. at *1, *7.  The Court reserved decision on Noerand's request for a statewide injunction and directed the parties to submit further briefing on that request.  Subsequently, the Commonwealth filed this substantially identically lawsuit against the Defendants advancing many of the same contentions as Noerand.  Like Noerand, the Commonwealth seeks a statewide preliminary injunction.  Doc. No. 3.

The parties to both actions agree no further briefing is necessary in Noerand or on the Commonwealth's motion in this case.  Doc. No. 10.  Noerand has waived her request for a statewide injunction.  Id. at 2.  In light of Noerand's relinquishment of her request for statewide relief, the Court's prior order in her case fully resolves her motion for a preliminary injunction. The Commonwealth has waived its request for a nationwide injunction and seeks only statewide relief.  Id.  The Defendants have waived the opportunity to submit any further briefing on the Commonwealth's motion and rest on their papers in Noerand.  Id.

Accordingly, the Court ALLOWS the Commonwealth's Motion for a Preliminary Injunction, Doc. No. 3, enjoining the Defendants and their agents from enforcing the IFR as to any institution of higher education in the Commonwealth of Massachusetts and as to any student attending a school that is located within the Commonwealth of Massachusetts.  The Court does

so for the reasons set forth in the Memorandum and Order allowing Noerand's Motion, which is incorporated herein by reference.  See generally Noerand v. Devos, No. 1:20-cv-11600-LTS, 2020 WL 4274559 (D. Mass. July 24, 2020).[2]  The Defendants' objections advanced in that case are preserved.

Within thirty days of this Order, the parties to both this action and Noerand shall file a joint status report setting forth their joint or separate positions as to a schedule for the Defendants' responsive pleadings in each case, and any other matter that warrants the Court's attention at that time.

SO ORDERED.

 /s/ Leo T. Sorokin  
Leo T. Sorokin  
United States District Judge

---

[2] Shortly before the Court issued its decision in Noerand, then-Chief Judge Rice ruled that the CARES Act conflicted with a provision of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 ("PRWORA"), 8 U.S.C. § 1611, that a heightened showing of congressional intent was necessary to override the PRWORA's "notwithstanding" provision, and that this standard was unlikely to be satisfied.  See Washington v. DeVos, 2:20-cv-0181-TOR, 2020 WL 3125916, at *6–*8 (E.D. Wash. June 12, 2020).  Though Judge Rice rejected the United States Department of Education's construction of the CARES Act, he concluded the PRWORA may act as an independent bar on the distribution of certain funds.  Id.  To the extent not already clear from this Court's decision in Noerand, this Court respectfully disagrees with Judge Rice's analysis.  The application of the plain meaning of the CARES Act does not conflict with the PRWORA; they are reconcilable as explained in Noerand.  This conclusion is not altered by the PRWORA's "notwithstanding" clause.  Such a clause cannot create a conflict, it "just shows which of two or more provisions prevails in the event of a conflict." N.L.R.B. v. SW Gen., Inc., 137 S. Ct. 929, 940 (2017); see also 1A Jabez G. Sutherland Statutes and Statutory Construction § 23:8 (7th ed.) ("A [notwithstanding] clause is not an implied repealer because it does not declare any inconsistency, but conversely, merely predicates repeal upon the condition that a substantial conflict exists between two statutes.").  In these circumstances, no heightened standard applies, and the CARES Act's later, more specific provisions control.