## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

COMMONWEALTH OF MASSACHUSETTS,

*Plaintiff*,

v.

UNITED STATES DEPARTMENT OF
EDUCATION; and BETSY DEVOS, in her
official capacity as Secretary of the United States
Department of Education,

*Defendants*.

Civil Action No. 1:20-cv-11600-LTS

## ANSWER

Defendants, who are the United States Department of Education (the Department) and Betsy DeVos, in her official capacity as Secretary of the United States Department of Education, hereby answer the numbered paragraphs of Plaintiff's Complaint as follows. Defendants filed the Administrative Record (AR) in this matter on December 16, 2020.

## INTRODUCTION

1. This paragraph consists of Plaintiff's characterization of this lawsuit; as such, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

2. Admit.

3. Deny except admit that this paragraph seeks to characterize a document that is in writing and speaks for itself. To the extent a response is required, Defendants deny the allegations. To the extent that it contains legal conclusions, no response is required.

4.   This paragraph consists of Plaintiff's characterization of the legal issues in this lawsuit and legal conclusions; as such, no response is required.   To the extent a response is required, Defendants deny the allegations.

5.   Defendants deny the allegations in this paragraph and assert that the Interim Final Rule referenced in this paragraph is consistent with the law and the authority of the Department.

6.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny them.

7.   This paragraph consists of Plaintiff's characterization of this lawsuit and a statement of the relief requested; as such no response is required.   To the extent a response is required, Defendants deny the allegations in this paragraph.

## JURISDICTION AND VENUE

8.   This paragraph sets forth Plaintiff's assertions of jurisdiction and thus contains conclusions of law to which no response is required.

9.   This paragraph sets forth Plaintiff's assertions of venue and thus contains conclusions of law to which no response is required.

## PARTIES

3.[1]  Admit.

4.  Admit.

5.  Admit.

6.  Admit.

---

[1] Plaintiff's Complaint restarts the numbering of its paragraphs with the first paragraph under the heading "Parties" as Paragraph 3.   This Answer will number the paragraphs to match the numbering in the Complaint.

## **FACTUAL ALLEGATIONS**

7.  Admit.

8.  Admit.

9.  Admit.

10.  Admit.

11.  Defendants admit that as of the date the complaint was filed, the numbers are accurate. Defendants lack knowledge or information sufficient to form a belief regarding the statistics as of the date of the answer and therefore deny the allegations.

12.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

13.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

14.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

15.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

16.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

17.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

18.  Admit.

19.  Admit.

20.  Admit.

21.  Admit.

22.  This paragraph sets forth the Plaintiff's characterization of the CARES Act. Defendants respectfully refer the Court to the statute for a full and accurate statement of its content. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

23.  Defendants admit that on April 9, 2020, the Department informed most of the eligible institutions of higher education of the amount that the Department had determined that they were eligible to receive for emergency financial aid for students under §18004(c) of the CARES Act; however not all eligible institutions were notified of the amount at this time.  The remainder of the allegations contained in paragraph 23 are denied.

24.  Defendants admit that the allocation of funds was consistent with the Act and was calculated based on an estimate included in a formula and not on a specific number of students. The remainder of the allegations contained in paragraph 24 are denied.

25.  This paragraph reflects Plaintiff's characterization of a letter dated April 9, 2020. Defendants respectfully refer the Court to that document for a full and accurate statement of its content. The remainder of the allegations contained in paragraph 25 are denied.

26.  Admit.

27.  This paragraph reflects Plaintiff's characterization of the Funding Certification and Agreement. Defendants respectfully refer the Court to that document for a full and accurate statement of its content. The remainder of the allegations contained in paragraph 27 are denied.

28.  Admit.

29.  Admit.

30.  Denied.

31. This paragraph reflects Plaintiff's characterization of the document titled "Frequently Asked Questions about the Emergency Financial Aid Grants to Students under Section 18004 of the Coronavirus Aid, Relief, and Economic Security (CARES) Act," published on the Department's website on April 21, 2020. Defendants respectfully refer the Court to that document for a full and accurate statement of its content. The remainder of the allegations contained in paragraph 31 are denied.

32. The first sentence of this paragraph reflects Plaintiff's characterization of part of a press release issued by Defendants on July 11, 2020 and Defendants respectfully refer the Court to that press release for a full and accurate statement of its content. Defendants deny the allegations in the second sentence of this paragraph except admit that some non-citizens are eligible for federal student financial aid under Title IV of the Higher Education Act of 1965, as amended (HEA).

33. Defendants admit that this paragraph lists many of the eligibility requirements for students to receive Federal student financial aid under Title IV HEA. Defendants respectfully refer the Court to the cited statutory provisions for a full and accurate statement of their content. The remainder of the allegations contained in paragraph 33 are denied.

34. Defendants admit that this paragraph reflects some of the situations in which individuals may not be eligible to receive Federal student financial aid under Title IV of the HEA. The remainder of the allegations contained in paragraph 34 are denied.

35. Defendants deny the allegations in the first sentence of this paragraph. The second sentence of this paragraph characterizes several documents, which are in writing and speak for themselves. The remainder of the allegations contained in paragraph 35 are denied.

36. This paragraph reflects Plaintiff's characterization of the Interim Final Rule (IFR) issued by the Department on June 17, 2020, and Defendants respectfully refer the Court to that

IFR for a full and accurate statement of its content. The remainder of the allegations contained in paragraph 36 are denied.

37.  This paragraph reflects Plaintiff's characterization of the IFR issued by the Department on June 17, 2020, and Defendants respectfully refer the Court to that IFR for a full and accurate statement of its content. The remainder of the allegations contained in paragraph 37 are denied.

38.  This paragraph reflects Plaintiff's characterization of the IFR issued by the Department on June 17, 2020, and Defendants respectfully refer the Court to that IFR for a full and accurate statement of its content. The remainder of the allegations contained in paragraph 38 are denied.

39.  This paragraph reflects Plaintiff's characterization of the IFR issued by the Department on June 17, 2020, and Defendants respectfully refer the Court to that IFR for a full and accurate statement of its content. To the extent that Plaintiff is characterizing a legal position taken by Defendants in this lawsuit or in general, Defendants admit that the CARES Act itself does not include a specific rulemaking provision. The remainder of the allegations contained in paragraph 39 are denied.

40.  This paragraph reflects Plaintiff's characterization of the IFR issued by the Department on June 17, 2020, and Defendants respectfully refer the Court to that IFR for a full and accurate statement of its content. The remainder of the allegations contained in paragraph 40 are denied.

41.  This paragraph reflects Plaintiff's characterization of the IFR issued by the Department on June 17, 2020, and Defendants respectfully refer the Court to that IFR for a full and accurate statement of its content. The remainder of the allegations contained in paragraph 41 are denied.

42.  This paragraph reflects Plaintiff's characterization of the IFR issued by the Department on June 17, 2020, and Defendants respectfully refer the Court to that IFR for a full and accurate statement of its content. The remainder of the allegations contained in paragraph 42 are denied.

43.   This paragraph reflects Plaintiff's characterization of the IFR issued by the Department on June 17, 2020, and Defendants respectfully refer the Court to that IFR for a full and accurate statement of its content. The remainder of the allegations contained in paragraph 43 are denied.

44.   Admit.

45.   Admit.

46.   Admit.

47.   Whether or not Defendants' action were unlawful is a conclusion of law to which no response is required. Regarding the allegations of harm, Defendants are currently without information sufficient to form a belief as to such allegations and therefore deny them.

48.   This paragraph reflects Plaintiff's characterization of the IFR issued by the Department on June 17, 2020, and Defendants respectfully refer the Court to that IFR for a full and accurate statement of its content. The remainder of the allegations contained in paragraph 48 are denied.

49.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of this paragraph.  The third sentence of this paragraph reflects Plaintiff's characterization of the IFR issued by the Department on June 17, 2020, and Defendants respectfully refer the Court to that IFR for a full and accurate statement of its content. The remainder of the allegations contained in paragraph 49 are denied.

50.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny them.

51.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of this paragraph and therefore deny them.

52. This paragraph reflects Plaintiff's characterization of the IFR issued by the Department on June 17, 2020, and Defendants respectfully refer the Court to that IFR for a full and accurate statement of its content. The remainder of the allegations contained in paragraph 52 are denied.

53. To the extent that his paragraph reflects Plaintiff's characterization of the IFR issued by the Department on June 17, 2020, and Defendants respectfully refer the Court to that IFR for a full and accurate statement of its content. The remainder of the allegations contained in the first sentence of paragraph 53 are denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of this paragraph and therefore deny them.

54. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny them.

55. This paragraph reflects Plaintiff's characterization of the IFR issued by the Department on June 17, 2020, and Defendants respectfully refer the Court to that IFR for a full and accurate statement of its content. To the extent a response is required, Defendants admit that the IFR estimated that the total burden for all institutions receiving funds under Section 18003 of the CARES Act for determining eligibility under the IFR would involve more than 25,600 additional hours of paperwork and cost more than $1.1 million. The remainder of the allegations contained in paragraph 55 are denied.

56. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny them.

57. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny them.

58.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny them.

59.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny them.

60.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny them.

61.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny them.

62.  Deny.

63.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny them.

64.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny them.

65.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny them.

66.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny them.

67.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny them.

68.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny them.

69.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny them.

70. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny them.

71. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny them.

## CLAIMS

## COUNT ONE

72. Defendants repeat and incorporate by reference their responses to all preceding paragraphs.

73. This paragraph consists of legal conclusions to which no response is required. The remainder of the allegations contained in paragraph 73 are denied.

74. This paragraph consists of legal conclusions to which no response is required.

75. This paragraph consists of legal conclusions to which no response is required. The remainder of the allegations contained in paragraph 75 are denied.

76. This paragraph consists of legal conclusions to which no response is required.

77. This paragraph contains legal conclusions to which no response is required. The remainder of the allegations contained in paragraph 77 are denied.

78. This paragraph contains characterizations of Congressional intent, which is not specifically stated by Congress in the legislative history and are legal conclusions to which no response is required.

79. This paragraph includes legal conclusions and describes Plaintiff's requested relief; as such, no response is required. To the extent a response is deemed necessary, Defendants deny that Plaintiff is entitled to the relief it requests. The remainder of the allegations contained in paragraph 79 are denied.

## COUNT TWO

80.   Defendants repeat and incorporate by reference their responses to all preceding paragraphs.

81.   This paragraph consists of legal conclusions to which no response is required.

82.   This paragraph consists of legal conclusions to which no response is required. The remainder of the allegations contained in paragraph 82 are denied.

83.   This paragraph consists of legal conclusions to which no response is required. The remainder of the allegations contained in paragraph 83 are denied.

84.   This paragraph consists of legal conclusions to which no response is required.

85.   This paragraph consists of legal conclusions to which no response is required. The remainder of the allegations contained in paragraph 85 are denied.

86.   Admit that the IFR including the restrictions was published after some institutions signed the certifications and drew down some grant funds but deny that the restrictions were imposed on the funds drawn down by the institution prior to publication of the IFR. The remaining allegations contained in paragraph 86 are denied.

87.   This paragraph characterizes several documents, which are in writing and speak for themselves. This paragraph also contains legal conclusions to which no response is required. Defendants deny the remaining allegations in paragraph 87 of the Complaint.

88.   This paragraph contains legal conclusions to which no response is required. Regarding the factual allegations in this paragraph, the Defendants deny the allegations.

89.   This paragraph includes legal conclusions and describes Plaintiff's requested relief, not allegations of fact. As such, no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations and that Plaintiff is entitled to the relief it requests.

The remaining unnumbered paragraphs in the Complaint contain a request for relief as to which no response is required.  To the extent a response is deemed required, the Defendants deny that Plaintiff is entitled to the relief requested or to any relief against the Defendants.

## GENERAL DEFENSE

All allegations not specifically admitted are denied.

## FIRST AFFIRMATIVE DEFENSE

The agency action at issue in this civil action was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

## SECOND AFFIRMATIVE DEFENSE

Defendants reserves the right to raise any affirmative defense including, but not limited to, those expressly found in the Federal Rules of Civil Procedure 8(c) that may be supported by the record in this civil action.

Respectfully submitted,

Betsy DeVos, in her official capacity as
Secretary of Education, and the United
States Department of Education

By their attorney,

Andrew E. Lelling
United States Attorney

*/s/ Annapurna Balakrishna*
Annapurna Balakrishna
Assistant United States Attorney
United States Attorney's Office
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617) 748-3111
annapurna.balakrishna@usdoj.gov

12